IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-152-FL

| | |
|---|---|
| EDDIE BENNETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | ORDER |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 19, 21).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, issued memorandum and recommendation ("M&R") recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on December 1, 2008, alleging that he became unable to work on July 12, 2008. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated October 7, 2010. Plaintiff requested review by the Appeals Council ("AC"), which admitted new exhibits,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

but denied the request for review on June 20, 2012. Plaintiff filed complaint in the Eastern District of North Carolina on July 27, 2012, for review of the final administrative decision.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: hypertension, tobacco abuse, gastroesophageal reflux disease, hyperlipidemia, and borderline intellectual functioning. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels. Thus, at step four, the ALJ determined that plaintiff could perform his past relevant work as a doffer and as a concrete pay loader. Accordingly, the ALJ determined that plaintiff was not disabled.

B. Analysis

Plaintiff raises two objections to the M&R. Specifically, plaintiff argues that: (1) the legal standard for determining where he is disabled under 20 C.F.R. Part 404, Sub. Pt. P, App. 1 § 12.05(B) ("Listing 12.05(B)") was misapplied; and (2) the ALJ inconsistently evaluated medical opinion evidence and vocational testimony, which inconsistency was perpetuated in the M&R. Upon *de novo* review of plaintiff's objections, the court concludes these objections should be overruled.

1. Listing 12.05(B)

In his first objection, plaintiff contend that the M&R inappropriately focused upon his adaptive functioning when addressing his allegation of disability based upon mental retardation under Listing 12.05(B). Plaintiff asserts that his valid full IQ scores below 59, resulting from tests taken before he was 22, are sufficient evidence that he meets Listing 12.05(B). Because it was proper to consider evidence plaintiff's adaptive functioning, this objection will be overruled.

A claimant must satisfy two requirements to show disability under Listing 12.05(B). First a claimant must show "significantly subaverage general intellectual functioning with deficits in adaptive functioning" which manifested before the age of twenty-two (22). See 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing § 12.00(A). Second, a claimant must show "[a] valid verbal, performance, or full scale IQ of 59 or less." Listing 12.05(B); see also, Jackson v. Astrue, 467 F. App'x 214, 217 (4th Cir. 2012) ("Listing 12.05 requires a showing of deficits in adaptive function initially manifested during the developmental period . . . . Listing 12.05 also requires the satisfaction of one of four additional requirements identified as Requirements A–D." (quotations

4

omitted)); Hancock v. Astrue, 667 F.3d 470, 475-76 (4th Cir. 2012) (determining that IQ scores are not dispositive and a claimant is not disabled under Listing 12.05 in the absence of deficiencies in adaptive functioning). Indeed, the Listings provide that reliance on bare IQ scores is improper, and instruct that "the results of intelligence tests are only part of the overall assessment, the narrative report that accompanies the test results should comment on whether the IQ scores are considered valid and consistent with the developmental history and the degree of functional limitation." Listing 12.00(D)(6)(a).[2]

In this case, plaintiff does have IQ scores below 59. See R. 225. As discussed in the M&R, however, substantial evidence supports the ALJ's conclusion that plaintiff does not have the requisite deficits in adaptive functioning so as to be disabled under any listing. Consulting non-examining psychologist Dr. Cyr-McMillon found that despite claimant's low IQ scores, his adaptive skills were too high to meet Listing 12.05. R. 225. Moreover, as was noted by the ALJ, plaintiff's brother

> stated that he and [plaintiff] fish and ride around. He further stated that [plaintiff] uses a riding mower, washes clothes and hangs them, drives, shops, handles his finances, watches television, visits by telephone, and attached church. He added that [plaintiff] lives with his mother, watches over her,[3] and prepares their food daily.

R. 15. The ALJ further observed that plaintiff graduated from high school and took auto mechanic

---

[2] In support of his contention that a claimant should be found automatically disabled if he has a valid full scale IQ score of 59 or less and such low intellectual function had an onset date prior to the age of twenty-two (22), plaintiff cites to the Social Security Administration's Program Operations Manual, as well as three cases from the Eighth Circuit, Southern District of Ohio, and Western District of New York. These extra-circuit cases are not controlling, nor is the Social Security Administration's internal Program Operations Manual. See Christensen v. Harris County, 529 U.S. 576, 587 (2000) (agency interpretations in "policy statements, agency manuals, and enforcement guidelines . . . lack the force of law"); Schweiker v. Hansen, 450 U.S. 785, 789 (1981)(SSA's internal claims manual has no legal force). To the extent they support plaintiff's position, they are inconsistent with Fourth Circuit precedent, which this court is obliged to follow.

[3] As later noted by the ALJ, plaintiff "provides care for his mother," r. 16, who suffers from Alzheimer's disease.

courses at a community college, and "has a long work history with earnings at the substantial gainful activity level." R. 16. In considering plaintiff's social functioning the ALJ pointed out plaintiff maintains an intimate relationship with a girlfriend, interacts appropriately during medical examinations, and presented no evidence of difficulty dealing with the public when shopping or at church. R. 16. Plaintiff himself told his physician that he exercises one to two times a week, watches television and plays video games, plays pool and fishes. R. 276, 278.

In light of this evidence in the record, the M&R appropriately considered plaintiff's adaptive functioning in applying Listing 12.05(B). Because substantial evidence showed plaintiff did not have adaptive functioning deficits so as to be disabled under that listing, the ALJ's disability determination should be affirmed. See Gillis v. Colvin, No. 3:12-CV-00731-RJC, 2013 WL 3712326, at *3 (W.D.N.C. July 12, 2013) (finding plaintiff who counted change, used a dictionary, wrote letters, followed instructions, socialized cared for herself, prepared food, cared for her dog, shopped, worked ten hours a week, attended community college, and performed other tasks did not have the requisite deficits in adaptive functioning to meet Listing 12.05). Accordingly, plaintiff's first objection is overruled.

  2.  Evaluation of the Opinion Evidence and Vocational Testimony

Plaintiff next objects to the analysis in the M&R regarding the ALJ's finding that plaintiff could do his past relevant work. Plaintiff maintains the ALJ agreed with medical opinion evidence that plaintiff was limited to simple, routine, repetitive tasks ("SRRTs") but then failed to include such limitation when questioning the vocational expert ("VE") regarding plaintiff's ability to perform his past work. This objection is without merit as it mischaracterizes the ALJ's decision.

6

In the first place, the ALJ did not question the VE regarding plaintiff's ability to perform his past work. See R. 42-43. Instead, the ALJ relied upon the Dictionary of Occupational Titles and plaintiff's own descriptions of the requirements of his past relevant work. Such reliance was proper. See Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *2 ("The Dictionary of Occupational Titles (DOT) descriptions can be relied upon--for jobs that are listed in the DOT -- to define the job as it is *usually* performed in the national economy."); SSR 86-62, 1982 WL 31386, at *3 ("[S]tatements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."). Because the ALJ did not question the VE regarding plaintiff's past relevant work, there were no questions to be inconsistent with the ALJ's supposed finding that plaintiff was limited to SRRTs.

In the second place, the ALJ did not find that plaintiff was limited to SRRTs. The ALJ found plaintiff "has the residual functional capacity to perform *a full range of work* at all exertional levels." R. 13 (emphasis added). The very premises of plaintiff's objection are false, therefore his objection is meritless.

The court notes, however, that the ALJ gave "great weight" to the Dr. Skoll's and Mr. Radson's opinions that plaintiff could perform "simple tasks,"[4] but did not include any limitation to SRRTs in his RFC determination. But even if the court were to broadly construe plaintiff's objection to assert that the ALJ erred by failing to find plaintiff to be limited to SRRTs, and even assuming, *arguendo*, this was an error, such an error would be harmless. The ALJ found that plaintiff's past relevant work as a doffer to be unskilled work, his work as a pay loader to include

---

[4] The ALJ describes these opinions as limiting plaintiff to SRRTs. The court will assume for purposes of this analysis that the phrase "simple tasks" in Dr. Skoll's and Mr. Radson's opinions are the same as SRRTs.

7

both unskilled and low semi-skilled tasks. R. 17. As discussed in the M&R, SRRTs are a narrower subset than the full range of unskilled work and/or low-end semi-skilled tasks. See McClendon v. Astrue, No. 1:10CV411, 2012 WL 13525, at *7 (M.D.N.C. Jan. 4, 2012) report and recommendation adopted, No. 1:10CV411, 2012 WL 1414327 (M.D.N.C. Apr. 24, 2012). Nevertheless, as the M&R also noted, barring evidence of a change in intellectual ability, plaintiff's IQ should be presumed to be relatively constant. Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985). Thus, because plaintiff had the mental capacity to perform such work in the past, there is substantial evidence he presently has the mental capacity to perform it now. Accordingly plaintiff's second objection is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 19), GRANTS defendant's motion for judgment on the pleadings (DE 21), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 15th day of August, 2013.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge